**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KRISTOFER SMITH,                                  Case No.
    Plaintiff,

v.

VIKING COLLECTION SERVICE, INC.       **JURY TRIAL DEMANDED**
    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff, Kristofer Smith, (hereafter "Plaintiff) is an individual residing in Hillsborough County, Florida.

5. Defendant Viking Collection Service, Inc. (hereafter "Viking" or "Defendant") is a for-profit foreign corporation, with its principal place of business located at 7500 Office Ridge Circle, Suite 100, Eden Prairie, MN 55459. The principle purpose of Defendant is

the collection of debt, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

**Factual Allegations**

1. Sometime in July of 2010, Plaintiff began receiving telephone calls from Defendant.

2. Defendant was attempting to collect a debt Plaintiff owed to Bank of America.

3. The debt Defendant owed to Bank of America was used for personal, family or household purposes and is a consumer debt.

4. Viking also started calling the home of Plaintiff's parents and his brother who reside outside the state of Florida.

5. During the phone calls to Plaintiff's parents and brother, Defendant disclosed information about Plaintiff's debt to his parents who had no idea he was having financial trouble.

6. The disclosure of his financial difficulties to his parents and brother made by Defendant was very embarrassing and humiliating to Plaintiff.

7. Despite the fact that Plaintiff's parents told Defendant that Plaintiff no longer lived at that address and requested that Defendant stop calling them regarding Plaintiff's debt, Defendant continued to make frequent calls to their home.

8. On December 21, 2010, Plaintiff hired the undersigned attorney to represent him regarding the debt owed to Bank of America.

9. During the week of December 23, 2010, Defendant called Plaintiff approximately four times.

10. Plaintiff tried to tell Defendant's representative that he had hired an attorney and that they should contact his attorney.

11. However, the representative refused to take down the attorney's information and just continued to demand to know what caused Plaintiff's financial difficulties and to know when Plaintiff intended to pay the debt.

12. Upon information and belief, Defendant also called several of Plaintiff's friends and disclosed information about his debt to them.

13. The numerous calls made by Defendant to Plaintiff, his family, and friends were harassing and intended to coerce Plaintiff into paying a consumer debt.

14. The disclosure of personal financial information to his parents was embarrassing and caused Plaintiff to suffer from a great deal of stress, loss of sleep and effected his ability to concentrate.

**First Claim for Relief**
**FDCPA Violation**
**Kristofer Smith v. Viking Collection Service, Inc.**

15. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 14.

16. The foregoing acts and omissions of Viking and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692b(1) 1692b(2), 1692b(3), 1692(b)(6), 1692c(a), 1692c(b), 1692d, and 1692d(5).

17. As a result if the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## Second Claim for Relief
## FCCPA Violation
## Kristofer Smith v. Viking Collection Service, Inc.

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 14.

19. The foregoing acts and omissions of Viking and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(5), 559.72(7), and 559.72(8).

20. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

21. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

a. Actual damages pursuant to 15 U.S.C. §1692k and F.S.A §559.77(2);

b. Statutory damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);

c. Punitive damages pursuant to F.S.A. §559.77(2);

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and §559.77(2); and

e. For such other and further relief as may be just and proper.

Dated: February 4, 2011

Respectfully submitted,

/s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com

JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
E-Mail: joe@brandonlawyer.com
DAVID S. BROMLEY, ESQUIRE
Florida Bar No. 0155349
E-Mail: david@brandonlawyer.com
THE GOLDEN LAW GROUP
808-A Oakfield Drive
Brandon, Florida 33511
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

  s/G. Donald Golden
G. Donald Golden, Esquire